**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __New York__
(State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  
   Spirit Finance Cayman 2 Ltd.

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names, and *doing business as* names  
   None.

3. **Debtor's federal Employer Identification Number (EIN)**  
   98-1557362

4. **Debtor's address**

   **Principal place of business**  
   1731 Radiant Drive  
   Number    Street  

   Dania Beach    FL    33004  
   City    State    ZIP Code  

   Broward  
   County

   **Mailing address, if different from principal place of business**  
   Number    Street  
   P.O. Box  
   City    State    ZIP Code  

   **Location of principal assets, if different from principal place of business**  
   Number    Street  
   New York    NY  
   City    State    ZIP Code

5. **Debtor's website (URL)**  
   https://www.spirit.com/

Debtor  Spirit Finance Cayman 2 Ltd.  Case number (*if known*)_____
　　　　　　Name

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| --- | --- | --- |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| 7. | **Describe debtor's business** | A. *Check one:* |
| --- | --- | --- |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

　4　8　1　1

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| --- | --- | --- |

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

　☐ A plan is being filed with this petition.

　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☐ No |
| --- | --- | --- |
| | | ☒ Yes.  District  Southern District of New York  When  11/25/2024  Case number  24-12039 (SHL) |
| | If more than 2 cases, attach a separate list. | 　　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY |
| | | District _____ When _____ Case number _____ |
| | | 　　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY |

Debtor  **Spirit Finance Cayman 2 Ltd.**
      Name

Case number (*if known*)_____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.
- Debtor: See Schedule 1
- District: Southern District of New York
- Case number, if known: See Schedule 1
- Relationship: Affiliate
- When: See Schedule 1  MM / DD / YYYY

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number   Street

_____

_____  _____ _____
City                                                                               State ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☒ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page **3**

Debtor  **Spirit Finance Cayman 2 Ltd.**
        Name

Case number *(if known)* _____

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **08/29/2025**
             MM / DD / YYYY

✗ **/s/ Frederick Cromer**                               **Frederick Cromer**
Signature of authorized representative of debtor          Printed name

Title **Authorized Signatory**

**18. Signature of attorney**

✗ **/s/ Marshall S. Huebner**                            Date **08/29/2025**
Signature of attorney for debtor                          MM / DD / YYYY

**Marshall S. Huebner**
Printed name

**Davis Polk & Wardwell LLP**
Firm name

**450 Lexington Avenue**
Number    Street

**New York**                                              **NY**         **10017**
City                                                      State          ZIP Code

**(212) 450 4000**                                        **marshall.huebner@davispolk.com**
Contact phone                                             Email address

**2601094**                                               **NY**
Bar number                                                State

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**  **SPIRIT FINANCE CAYMAN 2 LTD.,**  Debtor. | **Chapter 11**  **Case No. 25-_____ (\_\_)** |

## SCHEDULE 1 TO PETITION

On the date hereof, each of the entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), has filed or will file a petition for relief in the United States Bankruptcy Court for the Southern District of New York under chapter 11 of title 11 of the United States Code. The Debtors will move for joint administration of their cases for procedural purposes only under the case number assigned to the chapter 11 case of Spirit Aviation Holdings, Inc.

1. Spirit Finance Cayman 1 Ltd. (Case No. 24-12038 (SHL))
2. Spirit Finance Cayman 1 Ltd.
3. Spirit Aviation Holdings, Inc.
4. Spirit Airlines, LLC
5. Spirit Finance Cayman 2 Ltd.
6. Spirit IP Cayman Ltd.
7. Spirit Loyalty Cayman Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SPIRIT FINANCE CAYMAN 2 LTD.,** | **Case No. 25-_____ (\_\_)** |
| **Debtor.** | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and to enable the Judges to evaluate possible disqualification or recusal, attached hereto as **Exhibit A** is a corporate structure chart (the "**Corporate Structure Chart**") reflecting the ownership interests of Spirit Finance Cayman 2 Ltd. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors respectfully represent, as of the date hereof, the following:

1. Each of the Debtors[1] identified on the Corporate Structure Chart, other than Spirit Aviation Holdings, Inc., is owned, either directly or indirectly, in its entirety by Spirit Aviation Holdings, Inc.

2. No other corporation (as such term is defined in section 101(9) of title 11 of the United States Code), public or private, owns 10% or more of any class of the equity interest of Spirit Aviation Holdings, Inc.

---

[1] The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

## Exhibit A

**Corporate Structure Chart**

# Corporate Structure Chart
## (as of August 29, 2025)



| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   Spirit Finance Cayman 2 Ltd. | |
| United States Bankruptcy Court for the:   Southern District of New York | ☐ Check if this is an amended filing |
| Case Number (If known): | |

# Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. DEPARTMENT OF THE TREASURY  1500 PENNSYLVANIA AVENUE  WASHINGTON, DC  20220 | CONTACT: SCOTT BESSENT, UNITED STATES SECRETARY OF THE TREASURY  PHONE: (800) 829-4933  SCOTT.BESSENT@TREASURY.GOV | UNSECURED TERM LOAN | N/A | | | $136,000,000.00 |
| 2 | CHARLES TOMBRAS ADVERTISING, INC  620 S GAY ST  KNOXVILLE, TN  37902-1603 | CONTACT: CHARLES TOMBRAS, CHIEF EXECUTIVE OFFICER  PHONE: (865) 524-5376  CHARLIE@TOMBRAS.COM | TRADE PAYABLE | N/A | | | $7,810,184.67 |
| 3 | LUFTHANSA TECHNIK  193 WEG BEIM JAEGER  HAMBURG  22335  GERMANY | CONTACT: HARALD GLOY, CHIEF OPERATING OFFICER & CHRO  PHONE: +49 (40) 5070-3356  HARALD.GLOY@DLH.DE | TRADE PAYABLE | N/A | | | $5,680,217.60 |
| 4 | AEROSPACE TURBINE SRVC & SOL LLC  TURBINE SERVICES & SOLUTIONS BUILDING, SAEED TAHNOON STREET  ABU DHABI  UNITED ARAB EMIRATES | CONTACT: ABDULKHALIQ SAEED, CHIEF EXECUTIVE OFFICER  PHONE: (971) 230-7777  MLITTAUA@SANDA.AE | TRADE PAYABLE | N/A | | | $1,788,000.00 |
| 5 | MICROSOFT LICENSING, GP  1 MICROSOFT WAY  REDMOND, WA  98052 | CONTACT: HOSSEIN NOWBAR, CHIEF LEGAL OFFICER  PHONE: (206) 706-3732  HOSSEINN@MICROSOFT.COM | TRADE PAYABLE | N/A | | | $1,658,613.45 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | NAVITAIRE, INC.<br>333 SOUTH 7TH STREET<br>SUITE 1700<br>MINNEAPOLIS, MN  55402 | CONTACT: DAVE EVANS, CHIEF EXECUTIVE OFFICER<br>PHONE: (612) 317-7000<br>DAVE.EVANS@NAVITAIRE.COM | TRADE PAYABLE | N/A | | | $1,458,105.63 |
| 7 | PRIME FLIGHT AVIATION SVCS/GSE<br>3 SUGAR CREEK CENTER BLVD<br>SUITE 450<br>SUGAR LAND, TX  77478-2216 | CONTACT: DAN BUCARO, CHIEF EXECUTIVE OFFICER<br>PHONE: (281) 942-6800<br>DBUCARO@PRIMEFLIGHT.COM | TRADE PAYABLE | N/A | | | $1,428,526.53 |
| 8 | AGI GROUND, INC<br>9130 S DADELAND BLVD<br>SUITE 1801<br>MIAMI, FL  33156-7858 | CONTACT: JARED AZCUY, CHIEF EXECUTIVE OFFICER<br>PHONE: (305) 740-3253<br>JAZCUY@ATSSTL.COM | TRADE PAYABLE | N/A | | | $1,304,303.55 |
| 9 | MTU MAINTENANCE CANADA<br>6020 RUSS BAKER WAY<br>RICHMOND, BC  V7B 1B4<br>CANADA | CONTACT: KATJA GARCIA VILA, CHIEF FINANCIAL OFFICER<br>PHONE: (604) 233-5700<br>KATJA.GARCIAGVILA@MTU.DE | TRADE PAYABLE | N/A | | | $1,129,800.00 |
| 10 | USDA, APHIS, ROT<br>1400 INDEPENDENCE AVE., S.W.<br>WASHINGTON, DC  20250 | CONTACT: BROOKE L. ROLLINS, SECRETARY OF AGRICULTURE<br>PHONE: (202) 393-6226<br>ASKUSDA@USDA.GOV | TRADE PAYABLE | N/A | | | $995,811.42 |
| 11 | BROWARD CTY AVIATION DEPT<br>320 TERMINAL DR.<br>SUITE 200<br>FORT LAUDERDALE, FL  33315 | CONTACT: JOHN BRUNO, CHIEF INFORMATION OFFICER<br>PHONE: (954) 359-6100<br>JBRUNO@BROWARD.ORG | TRADE PAYABLE | N/A | | | $970,150.15 |
| 12 | ROHR, INC. 1000282A<br>2730 WEST TYVOLA ROAD<br>CHARLOTTE, NC  28217 | CONTACT: CHRISTOPHER T. CALIO, CHIEF EXECUTIVE OFFICER<br>PHONE: (781) 522-3000<br>CHRISTOPHER.CALIO@RTX.COM | TRADE PAYABLE | N/A | | | $874,257.00 |
| 13 | UNITED STATES TREASURY<br>1500 PENNSYLVANIA AVE, NW<br>WASHINGTON, DC  20220 | CONTACT: SAMANTHA SCHWAB, DEPUTY CHIEF OF STAFF<br>PHONE: (202) 622-2000<br>SAMANTHA.SCHWAB@TREASURY.GOV | TRADE PAYABLE | N/A | | | $814,145.47 |
| 14 | TRESOR PUBLIQUE/REDEVANCES<br>129 RUE CAPOIS<br>PORT-AU-PRINCE<br>HAITI | CONTACT: M. ALFRED FILS METELLUS, PROFIL DU MINISTRE<br>PHONE:  (509) 29 92 1067<br>INFO@BUDGET.GOUV.HT | TRADE PAYABLE | N/A | | | $750,255.00 |
| 15 | NEXGEN AERO<br>2900 NW 112TH AVE<br>UNIT 2<br>DORAL, FL  33172-1834 | CONTACT: RUSSELL CARBONARA, MANAGING PARTNER<br>PHONE: 954-637-8520<br>RCARBONARA@NEXGEN.AERO | TRADE PAYABLE | N/A | | | $744,020.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16  G2 SECURE STAFF, LLC<br>400 E LAS COLINAS BLVD<br>IRVING, TX  75039 | CONTACT: JULIE GOSTIC, PRESIDENT<br>PHONE: (972) 915-6979<br>JGOSTIC@G2SECURESTAFF.COM | TRADE PAYABLE | N/A | | | $667,011.71 |
| 17  TESORO NACIONAL - AEROCIVIL AERONAU<br>AVENIDA EL DORADO NO. 103-15<br>BOGOTA<br>COLUMBIA | CONTACT: YOLANDA VEGA ALBINO, ACTING DIRECTOR, AERONAUTICA REGIONAL CENTRO SUR<br>PHONE: +01 8000-112373<br>ATENCIONALCIUDADANO@AEROCIVIL.GOV.CO | TRADE PAYABLE | N/A | | | $646,917.07 |
| 18  MESSIER-GOODRICH<br>INOVEL PARC SUD<br>7 RUE DU GENERAL VALERIA ANDRE<br>VELIZY-VILLACOUBLAY  78140<br>FRANCE | CONTACT: FRANCOIS BASTIN, CHIEF EXECUTIVE OFFICER<br>PHONE: +33 (1) 4629-8100<br>FRANCOIS.BASTIN@SAFRANGROUP.COM | TRADE PAYABLE | N/A | | | $602,511.86 |
| 19  STAR AVIATION, INC. 1010982A<br>9001 W US HWY 42<br>GOSHEN, KY  40026 | CONTACT: JULIE P. KENDALL, CHIEF EXECUTIVE OFFICER / GENERAL MANAGER<br>PHONE: (502) 241-3072<br>INFO@STARAVIATIONKY.COM | TRADE PAYABLE | N/A | | | $596,775.04 |
| 20  COFORGE, INC.<br>1000 CROWN POINTE PARKWAY<br>5TH FLOOR<br>ATLANTA, GA  30338 | CONTACT: MANISH HEMRAJANI, HEAD OF INVESTOR RELATIONS (U.S.)<br>PHONE: (609) 987-5400<br>DPO@COFORGE.COM | TRADE PAYABLE | N/A | | | $585,127.20 |
| 21  PERIMETER LOGISTICS INC<br>2800 STORY ROAD WEST<br>IRVING, TX  75038-5267 | CONTACT: RAJAN SOBHANI, PRESIDENT<br>PHONE: (877) 701-1919<br>RAJ.SOBJANI@SHIPPGL.COM | TRADE PAYABLE | N/A | | | $581,212.06 |
| 22  C3 CUSTOMER CONTACT CHANNELS<br>1200 S PINE ISLAND ROAD<br>SUITE 200<br>PLANTATION, FL  33324 | CONTACT: HITESH LATH, CHIEF FINANCIAL OFFICER<br>PHONE: (561) 939-4009<br>INFO@C3-COMPLETE.COM | TRADE PAYABLE | N/A | | | $567,101.22 |
| 23  TA CONNECTIONS DE & IL, LLC<br>3280 PEACHTREE RD<br>SUITE 2400<br>ATLANTA, GA  30305 | CONTACT: MIKE APLETON, PRESIDENT<br>PHONE: (866) 966-8866<br>MIKE@HOTELCONNECTIONS.COM | TRADE PAYABLE | N/A | | | $561,073.39 |
| 24  SAFRAN LANDING SYSTEMS (SAS)<br>10255 NW 116TH WAY<br>MEDLEY, FL  33178 | CONTACT: MARK O'BRIEN, CUSTOMER SUPPORT MANAGER<br>PHONE: (305) 624-4700<br>AMERICASCSC.SLS@SAFRANGROUP.COM | TRADE PAYABLE | N/A | | | $524,958.00 |
| 25  NAI NATIONAL LTD<br>90 ST VINCENT STREET<br>NELSON  7010<br>NEW ZEALAND | CONTACT: JOHN EDWARD HILL, KEY PRINCIPAL<br>PHONE: +64 (3) 548-4225<br>CONFERENCES@NAI-US.ORG | TRADE PAYABLE | N/A | | | $499,001.58 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | SACRAMENTO COUNTY DEPT OF FINANCE<br>700 H STREET<br>ROOM 1710 (FIRST FLOOR)<br>SACRAMENTO, CA 95814 | CONTACT: CHAD RINDE, DIRECTOR OF FINANCE<br>PHONE: (916) 874-6622<br>SACPLAN@SACCOUNTY.GOV | TRADE PAYABLE | N/A | | | $484,440.08 |
| 27 | ALAMEDA COUNTY TAX COLLECTOR<br>1221 OAK STREET<br>ROOM 131<br>OAKLAND, CA 94612 | CONTACT: HENRY LEVY, TREASURER-TAX COLLECTOR<br>PHONE: (510) 272-6800<br>HANK.LEVY@ACGOV.ORG | TRADE PAYABLE | N/A | | | $417,358.36 |
| 28 | COUNTY OF SANTA CLARA DEPARTMENT OF<br>110 WEST TASMAN DRIVE<br>SAN JOSE, CA 95134 | CONTACT: SUNGMIN PARK, DEPUTY DISTRICT ATTORNEY<br>PHONE: (408) 808-7962<br>SUNGMIN.PARK@SCCGOV.ORG | TRADE PAYABLE | N/A | | | $412,841.91 |
| 29 | U.S. BANK<br>800 NICOLLET MALL<br>MINNEAPOLIS, MN 55402-7000 | CONTACT: CONNIE DUDYCHA, VP RELATIONSHIP MANAGER AT US BANK<br>PHONE: (801) 575-2390<br>CONNIE.DUDYCHA@USBANK.COM | TRADE PAYABLE | N/A | | | $400,266.04 |
| 30 | SALT LAKE CITY DEPT OF AIRPORTS<br>3920 WEST TERMINAL DRIVE<br>SALT LAKE CITY, UT 84122 | CONTACT: KIERA ALLEN, AIRCRAFT REGISTRATION PROGRAM MANAGER<br>PHONE: (385) 344-9282<br>KIERA.ALLEN@SLCGOV.COM | TRADE PAYABLE | N/A | | | $368,642.56 |

**SPIRIT FINANCE CAYMAN 2 LTD.**
**(THE "COMPANY")**

**WRITTEN RESOLUTIONS OF THE DIRECTORS**
**OF THE COMPANY DATED 29 AUGUST 2025**

**1.  DIRECTORS' INTEREST**

1.1  **IT IS NOTED** that:

(a)  each Director discloses an interest in the matter(s) the subject of these resolutions as a Director, Officer or employee of each of Spirit (as defined below), Spirit Airlines, LLC, Spirit IP Cayman Ltd., Spirit Loyalty Cayman Ltd. and Spirit Finance Cayman 1 Ltd.;

(b)  each such Director therefore:

(i)  is to be considered as interested in any contract or proposed contract or arrangement (the "**transaction**") with the foregoing; and

(ii)  requests that the foregoing be treated as general notice of such interests; and

(c)  pursuant to the Memorandum and Articles of the Company:

(i)  a Director may vote in respect of any transaction notwithstanding that he may be interested therein; and

(ii)  if he does so his vote shall be counted and he may be counted in the quorum at any meeting of the Directors at which any such transaction shall come before the meeting for consideration.

**2.  BACKGROUND**

2.1  **IT IS NOTED** that:

(a)  the Company is a part of a group of companies (the "**Spirit Group**"), whose ultimate parent is Spirit Aviation Holdings, Inc. ("**Spirit**"), a Delaware corporation;

(b)  the Company is governed by the third amended and restated memorandum and articles of association of the Company as adopted on 12 March 2025 (the "**Memorandum and Articles**");

(c)  the Company had previously passed the minutes of a previous meeting of the Board of Directors of the Company dated 25 November 2024 (the "**November Minutes**") at which the Company's filing of a voluntary petition for relief to commence the Chapter 11 Case (as defined in the November Minutes) (the "**2024 Chapter 11 Cases**") and the pursuit of a jointly administered chapter 11 process of the Company alongside Spirit Airlines, LLC (formerly Inc.), Spirit Loyalty Cayman Ltd., Spirit IP Cayman Ltd. and Spirit Finance Cayman 1 Ltd. were approved and the subsequent Exit from such 2024 Chapter 11 Cases on 12 March 2025 as detailed in prior board resolutions dated 6 March 2025; and

1

    (d)    the Spirit Group have continued to experience financial difficulties since exiting from the 2024 Chapter 11 Cases.

**3.**    COMMENCEMENT OF CHAPTER 11 CASES

3.1    **IT IS NOTED** that the Directors of the Company and the governing bodies of Spirit and the Spirit Group entities have determined, after due consultation with the management and the legal and financial advisors of Spirit and the Spirit Group, that it is desirable and in the best interests of each entity in the Spirit Group and its stakeholders that each entity in the Spirit Group (including the Company) shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief (each case, a "**Chapter 11 Case**" and, together, the "**Chapter 11 Cases**") under the provisions of chapter 11 of the Bankruptcy Code (as defined below), and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

3.2    **IT IS FURTHER NOTED** that:

    (a)    the Directors have reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of Spirit and the Company regarding the liabilities and liquidity of Spirit and the Company, the strategic alternatives available, and the impact of the foregoing on Spirit's and the Company's businesses;

    (b)    the Directors have had the opportunity to consult with the management and the legal and financial advisors of Spirit and the Company to fully consider each of the strategic alternatives available to Spirit and the Company;

    (c)    the Directors have received, reviewed, and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors of Spirit and the Company regarding the relative risks and benefits of pursuing cases under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

    (d)    the Directors have determined that it is desirable and in the best interests of the Company and its stakeholders to commence the Chapter 11 Cases;

    (e)    the Directors have reviewed with the management and the legal and financial advisors of Spirit and the Company, the resolutions set forth herein; and

    (f)    the Directors have determined that taking the actions set forth herein and the transactions contemplated herein are advisable and fair to, and in the best interests of, Spirit and the Company and their stakeholders and, therefore, have (ii) adopted the resolutions set forth below and authorized and approved the transactions, agreements, and actions contemplated hereby.

3.3    **IT IS RESOLVED** that:

    (a)    after due consultation with the management and the legal and financial advisors of the Company, it was in the Company's best commercial interests and its stakeholders' best interests that:

        (i)    the Company should pursue a jointly administered Chapter 11 Case alongside Spirit and the Spirit Group;

        (ii)    that the Company should approve, authorise to file, or cause to be filed, a petition pursuant to the Chapter 11 Case, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

(b) the Company's participation in the Chapter 11 Case be and is hereby approved by the Company and each Authorised Person (as defined below), be and is hereby authorized, empowered, and directed to (a) execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all applicable plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents (the "**Chapter 11 Documents**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), (b) employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and (c) take and perform any and all further acts and deeds that such Authorised Person, who may act without the joinder of any other Authorised Person, deems necessary, proper, or desirable in connection with the Chapter 11 Cases, including (i) negotiating, executing, delivering, and performing under any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in these resolutions, (ii) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Company, and (iii) paying all such fees and expenses where necessary or appropriate in order to carry out fully the intent, and accomplish the purposes, of the resolutions adopted herein;

(c) the Company do and perform all such (i) acts and things give, make, sign, execute and deliver enter into, acknowledge and/or file all such certificates, agreements, acknowledgments, instruments, contracts, statements, all such synthetic securities, notes, deeds, joinders, letters, notices, listing papers, instructions, offers, submissions and other documents (whether of a like nature or not) ("**Ancillary Documents**") and to take such further actions as such Authorised Person may deem necessary or appropriate as may in the sole opinion and absolute discretion of any Authorised Person be considered necessary or desirable for the purpose of giving effect the intent and accomplish the purposes of the foregoing resolutions and compliance with any condition precedent or the coming into effect of or otherwise giving effect to, consummating or completing or procuring the performance and completion of all or any of the transactions contemplated by or referred to in all or any of the Chapter 11 Documents and or in relation to the Chapter 11 Cases or as required or permitted by the Bankruptcy Code and to do all other such acts and things (including opening all necessary bank accounts, the standard resolutions required concerning opening bank accounts with the relevant banks being hereby adopted as if set out here in full, and any Director or Authorised Person or any other person authorised by resolution of the Company, all acting singly (unless otherwise resolved), being appointed as authorised signatory with respect to any such accounts), (ii) obligations under the Bankruptcy Code and exercise all rights of the Company under the Bankruptcy Code (including all rights with respect to contracts, agreements, and leases under sections 365 of the Bankruptcy Code), with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorised Person performing or executing the same shall approve, the performance or execution thereof to be conclusive evidence of the approval thereof by such Authorised Person and the Company, and (iii) authorised to agree to all fees, as might in the sole opinion and absolute discretion of any Director or Authorised Person be necessary or desirable for the purposes stated above or in relation to the resolutions set out herein;

(d) the Chapter 11 Documents and the Ancillary Documents be in such form as any Authorised Person in their absolute discretion and sole opinion approve, the signature of any Director or Authorised Person on any of the Ancillary Documents being due evidence for all purposes of their approval of the terms thereof on behalf of the Company;

(e) the Chapter 11 Documents and Ancillary Documents, where required to be executed by the Company (whether under hand or as a deed), be executed by the signature thereof of any Authorised Person and the execution of any Chapter 11 Documents and Ancillary

3

    Documents by any Authorised Person prior to this meeting be and is hereby ratified and confirmed;

(f)  all the Chapter 11 Documents and and Ancillary Documents be valid, conclusive, binding on and enforceable against the Company when executed and delivered in manner aforesaid;

(g)  the Company is authorised to and any Authorised Person be and is hereby authorised on behalf of and in the name of the Company, to seek to have its Chapter 11 Case administered by the Bankruptcy Court under chapter 11 of the Bankruptcy Code; and

(h)  all actions taken and any documents executed, signed or delivered prior to the date hereof by any Authorised Person in connection with the transactions contemplated hereby be and are hereby approved, ratified, confirmed and adopted by the Company.

**4.  RETENTION OF ADVISORS**

4.1  **IT IS RESOLVED** that any Authorised Person be and is hereby authorised on behalf of and in the name of the Company to retain (as necessary):

(a)  Davis Polk & Wardwell LLP, located at 450 Lexington Avenue, New York, NY 10017, as counsel for Spirit and the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval;

(b)  FTI Consulting, Inc., located at 1166 Avenue of the Americas, 15th Floor, New York, NY 10036, as company restructuring advisors for Spirit and the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval;

(c)  PJT Partners LP, located at 280 Park Avenue, New York, NY 10017, as investment banker for Spirit and the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval;

(d)  Debevoise & Plimpton LLP, located at 66 Hudson Boulevard, New York, NY 10001, as fleet counsel for Spirit and the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval;

(e)  Morris, Nichols, Arsht & Tunnell LLP, located at 1201 North Market Street, 16th Floor, Wilmington, DE 19801, as conflicts counsel for Spirit and the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval;

(f)  Epiq Corporate Restructuring, LLC, located at 777 Third Avenue, 12th Floor, New York, NY 10017, as claims, noticing, solicitation, and administrative agent for Spirit and the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and

(g)  any other legal counsel, accountants, financial advisor, restructuring advisor, or other professionals as any Authorised Person deems necessary, appropriate, or advisable, to represent and assist Spirit and the Company in carrying out their respective duties and responsibilities and exercising their respective rights under the Bankruptcy Code.

**5.  GENERAL AUTHORISATION**

5.1  **IT IS RESOLVED** that, in connection with or to carry out the actions contemplated by the foregoing resolutions, any Director, officer or (if applicable) any attorney or duly authorised signatory of the Company (any such person being an "**Attorney**" or "**Authorised Signatory**" respectively and each an "**Authorised Person**") be, and such other persons as are authorised by any of them be, and each hereby is, authorised, in the name and on behalf of the Company, to do such further acts and

things as any Director or officer or Authorised Person or such duly authorised other person shall deem necessary or appropriate, including to do and perform (or cause to be done and performed), in the name and on behalf of the Company, all such acts and to sign, make, execute, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any governmental authority or agency, all such agreements, documents, instruments, certificates, consents or waivers and all amendments to any such agreements, documents, instruments, certificates, consents or waivers and to pay, or cause to be paid, all such payments, as any of them may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby.

**6.    RATIFICATION OF PRIOR ACTIONS**

6.1    **IT IS RESOLVED** that any and all actions of the Company, or of any Director or officer or any or Authorised Person, taken in connection with the actions contemplated by the foregoing resolutions prior to the execution hereof be and are hereby ratified, confirmed, approved and adopted in all respects as fully as if such action(s) had been presented to for approval and approved by, all the Directors prior to such action being taken.

[*signature page to follow*]

_____  
Thomas C. Canfield  
**Director**

_____  
Frederick Cromer  
**Director**

**Fill in this information to identify the case and this filing:**

Debtor Name ___Spirit Finance Cayman 2 Ltd._____

United States Bankruptcy Court for the: __Southern_____ District of __New York__
(State)

Case number (*If known*): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration___Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __08/29/2025__         ✖ __/s/ Frederick Cromer_____
MM / DD / YYYY                          Signature of individual signing on behalf of debtor

__Frederick Cromer_____
Printed name

__Authorized Signatory_____
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**